UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KEITH JEROME WRIGHT,

Plaintiff,

v.

SANDOVAL,

Defendant.

Case No.: 1:22-cv-01082-JLT-CDB (PC)

**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S OBJECTION AND STATEMENT OF GROUNDS TO DEFENDANT SANDOVAL'S BILL OF COSTS**

(Docs. 54, 56)

Plaintiff Keith Jerome Wright proceeded pro se and *in forma pauperis* in this now closed civil rights action pursuant to 42 U.S.C. § 1983.

**I. RELEVANT BACKGROUND**

On April 27, 2026, District Judge Jennifer L. Thurston issued her Order Adopting Findings and Recommendations Re Parties' Cross Motions for Summary Judgment; Plaintiff's motion was denied and Defendant Sandoval's motion was granted. (Doc. 52.) Judgment was entered that same date and the case was closed. (Doc. 53.)

On May 5, 2026, Defendant submitted a Bill of Costs. (Doc. 54.)

On May 13, 2026, the Clerk of the Court taxed costs in the sum of $1,188.75. (Doc. 55.)

On May 20, 2026, Plaintiff filed a document titled "Objection and Statement of Grounds to N. Sandoval's Bill of Costs." (Doc. 56.) The document is dated May 13, 2026.

## II. DISCUSSION

***Applicable Legal Standards***

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920.

Rule 54 of the Federal Rules of Civil Procedure provides, in relevant part:

> Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party. … The Clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

Fed. R. Civ. P. 54(d)(1). Thus, "Rule 54 provides that, in general, costs should be awarded to the prevailing party in a civil action." *Williams v. J.B. Hunt. Transport, Inc.*, 151 F.4th 1020, 1039 (9th Cir. 2025). Nevertheless, a district court has the discretion to refuse an award of costs. See *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000). If the court declines to award costs to the prevailing party, it "must specify reasons for its refusal to award costs." *Id.* (citation omitted). Reasons to refuse to award costs include "the losing party's limited financial resources; misconduct on the part of the prevailing party; the importance of the issues; the importance and complexity of the issues; the merit of the plaintiff's case, even if the plaintiff loses; and the chilling effect on future civil rights litigants of imposing high costs." *Save Our*

*Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003) (internal citations omitted); *see National Org. for Women v. Bank of Cal.*, 680 F.2d 1291, 1291 (9th Cir. 1982) (per curiam) (upholding the refusal to award costs based on the losing party's limited financial resources); *Stanley v. Univ. of Southern California*, 178 F.3d 1069, 1080 (9th Cir. 1999) (finding that the district court abused its discretion in awarding costs for failing to consider the chilling effect on future civil rights litigation and the losing party's indigency).

***Analysis***

In his objections, Plaintiff contends Defendant failed "to prove the [deposition] transcripts were 'necessarily obtained for use in the case,'" that the transcripts were obtained "for their own 'convenience' (e.g., for summary judgment preparation) rather than for use [at] trial," and that "many of the fees include non-taxable 'incidental' costs such as shipping, handling, or expedited processing" that are not allowed. (Doc. 56 at 1-2.) Plaintiff argues the cost of a deposition transcript is not allowable because it was not necessarily obtained for use in the case and because Plaintiff's deposition "was a discovery deposition" it "cannot reasonably be characterized as 'necessary' …." (*Id*. at 2.) Citing *Fogleman v. ARAMCO* (*Arabian American Oil Co*.), 920 F.2d 278, 285 (5th Cir. 1991), Plaintiff contends a deposition "must 'reasonably be expected to be used for trial preparation, rather than merely for discovery'" and that in this case "the purpose of the deposition was simply to develop information, already in Defendant's possession." (*Id*.) Plaintiff argues that "taking [] the deposition and its general content was not reasonably necessary for the development of the case in light of facts known to counsel at the time it was taken" and "was not necessary to prevail on the motion for summary judgment based on federal preemption." (*Id*. at 3.)

Next, Plaintiff states this Court has discretion to "refuse to tax costs against a losing party" based upon indigency. (*Id*. at 2-3.) He maintains his indigency "and the great economic disparity between the parties here weigh in favor of disallowing costs." (*Id*. at 5.) Plaintiff asserts that awarding costs "would have a chilling effect on other civil rights litigants, including inmates with conditions of confinement claims." (*Id*.) In conclusion, Plaintiff asks the Court to "deny [Defendant's] Bill of Costs in its entirety, or, in the alternative, reduce the amount to $0.00 in

light of Plaintiff's indigent status." (*Id.* at 6.)

First, to the extent Plaintiff argues the deposition transcript was not "necessarily obtained," his objection is overruled. *See Indep. Iron Works, Inc. v. U.S. Steel Corp*., 322 F.2d 656, 678 (9th Cir. 1963) (stating that the cost of deposition transcripts "necessarily obtained for use in the case" can be taxed under § 1920(2)); *Rios v. Tilton*, No. 2:07-cv-0790 KJN P, 2017 WL 1093899, at *1 (E.D. Mar. 23, 2017) (holding deposition costs "are authorized under the statute," citing *Indep. Iron Works*, 322 F.2d at 678).

Next, the undersigned considers "(1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016). Here, while a violation of the Fourteenth Amendment Equal Protection Clause is important in a broad sense, the undersigned finds Plaintiff's claim was not substantially important to the public because it involved an isolated allegation – as compared to a broader claim or allegation that the harm was repeated more than once – that Defendant refused to provide and allow Plaintiff to consume a Ramadan meal on May 1, 2022. (*See* Doc. 11 at 3 [First Screening Order].) Second, this case did not involve close or difficult issues. (*See* Doc. 51 at 18-26 [Findings & Recommendations].) Third, the undersigned acknowledges some chilling effect on future similar actions weighs in favor of denying costs but notes the amount sought by Defendant is not so high as to necessarily weigh entirely in Plaintiff's favor. Fourth, considering Plaintiff's limited resources, the undersigned finds Plaintiff has "has not shown the imposition of defendant's relatively modest costs will harm him despite his indigence." *Bradway v. Rao*, No. 2:20-cv-0436 JAM KJN P, 2022 WL 4226353, at *2 (E.D. Cal. Sept. 13, 2022) (recommending deposition expenses of $413 be awarded and finding even considering plaintiff's claim of indigency that he "has not shown the imposition of defendant's relatively modest costs will harm him despite his indigence"). Other than conclusory claims to indigency, Plaintiff fails to offer any specific information. For example, Plaintiff has not provided a copy of his current Inmate Statement Report reflecting the present state of his available funds and obligations. Nonetheless, a review of the docket reveals that Plaintiff's Inmate Statement

Report dated August 31, 2022, reflected an available balance of $2.61, obligations totaling approximately $1,280, and restitution balances exceeding $15,000. (*See* Doc. 7.) It is unlikely Plaintiff's financial situation has significantly improved. Lastly, economic disparity does exist between the parties. However, that is a recurring circumstance in cases such as this. *See, e.g.*, *Rios v. Tilton*, No. 2:07-cv-0790 KJN P, 2017 WL 1093899, at *2 (E.D. Mar. 23, 2017) ("a prisoner's indigence, as well as the disparity in income between the prisoner and the state of California, which usually defends against these civil rights cases, are constant factors in these cases. If such factors governed the court's discretion, the presumption would be opposite the presumption in Rule 54(d), and prisoners would be disinclined to refrain from bringing false claims or to settle claims prior to trial").

Weighing all factors, the undersigned finds that dividing the cost of Plaintiff's deposition is a fair resolution. *See, e.g.*, *Sewell v. Cornwell*, No. 2:18-cv-02988-JAM-DB P, 2021 WL 663715, at *2 (E.D. Cal. Feb. 19, 2021) ("the court finds the interests of justice would not be served by taxing the full amount of the costs against plaintiff. Still, defendant, as the prevailing party, is entitled to some amount of reimbursement …. Therefore, defendant's request for costs should be granted in part. Half of the cost of the deposition … should be taxed against plaintiff") (citations omitted). *Cf. Williams v. Ogbuehi*, No. 1:19-cv-00855-JLT-EPG, 2025 WL 88899, at *1-2 (E.D. Cal. Jan. 14, 2025) (striking cost bill in prisoner civil rights action after balancing relevant factors and equities); *Vargas v. Lopez*, No. 23-cv-02490-TSH, 2025 WL 3776795, at *9 (N.D. Cal. Dec. 31, 2025) (same).

Therefore, the undersigned will recommend costs be taxed against Plaintiff in the sum of $594.38.

## III. CONCLUSION AND RECOMMENDATIONS

Accordingly, for the reasons stated above, the Court **HEREBY RECOMMENDS** that:

1. The costs taxed on May 13, 2026 (Doc. 55) be **VACATED**;
2. Plaintiff's objections filed May 20, 2026 (Doc. 56) be **SUSTAINED in part**; and
3. Costs be taxed against Plaintiff in the sum of $594.38.

These Findings and Recommendations will be submitted to the United States District

Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).

A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **July 27, 2026**

UNITED STATES MAGISTRATE JUDGE